

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:19-CR-335 |
| ALEXUS JORDON, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, ALEXUS JORDON (hereinafter "JORDON" or the "defendant"), agree that the United States would have proven the following facts at trial, beyond a reasonable doubt, with admissible and credible evidence:

1. In and around April 2018, and continuing through on or about June 28, 2018, within the Eastern District of Virginia and elsewhere, the defendant and Emmanuel Etoo Ndjongo ("Ndjongo"), did knowingly and unlawfully combine, conspire, agree, and confederate with each other to knowingly make false statements and representations with respect to the information required to be kept in the records of a licensed gun dealer in connection with the sale of firearms, and, in furtherance of said conspiracy, the defendant falsely represented to various Federal Firearms Licensees ("FFLs"), located within the Eastern District of Virginia, that she was the actual transferee or buyer of thirty-one firearms that she was truly purchasing on behalf of Ndjongo, in violation of Title 18, United States Code, Section 924(a)(1)(A).

2. For example, on or about April 16 and 19, 2018, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, in connection with the acquisition of four firearms purchased online from Classic Firearms and shipped to Quantico Tactical, that

is, two Hi-Point, model CF380, .380 caliber pistols, a Century Arms, model M92PV, 7.62x39 caliber pistol, and a Radical Firearms, model RF-15, assault rifle, did knowingly make false statements and representations with respect to information required by the provisions of Chapter 44, Title 18, United States Code, to be kept in Quantico Tactical's records, in that the defendant executed two Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473s, Firearms Transaction Records, stating that the defendant was the actual buyer of the firearms listed on the forms, when the defendant knew, in truth and in fact, that she was not the actual buyer of the listed firearms, but was acquiring them on behalf of Ndjongo.

3. These purchases and transfers were among thirty-one firearms JORDON straw purchased on behalf of her then boyfriend, Ndjongo, from in and around April 2018 and June 28, 2018, from various FFLs, within the Eastern District of Virginia.

4. Specifically, on or about April 9, 2018, Ndjongo ordered four firearms, totaling $1410.29, from Classic Firearms' online website, an FFL located in Indian Trail, North Carolina, and had the firearms shipped from North Carolina to Quantico Tactical, an FFL located in Woodbridge, Virginia, within the Eastern District of Virginia, for JORDON to pick-up on his behalf. When placing the online order, Ndjongo listed JORDON's name as the customer name along with JORDON's G-mail address as the customer e-mail address. Ndjongo listed his own residential address, in Bowie, Maryland, as the billing address for the purchase, along with his own phone number as the customer contact phone number for the order.

5. On or about April 16 and 19, 2018, JORDON went to Quantico Tactical to pick up the four firearms Ndjongo purchased online after receiving a notification to her e-mail address that the firearms were ready for her to pick up. In order to complete the transfer from Classic Firearms and pick up these four firearms from Quantico Tactical, JORDON filled out two ATF

2

Form 4473s at Quantico Tactical. On each of the ATF Form 4473s, JORDON stated that she was the actual transferee of the listed firearms when she knew, in truth and fact, she was not the actual transferee but was acquiring the firearms on behalf of Ndjongo and intended to deliver the firearms to Ndjongo shortly after picking the firearms up.

6. JORDON and Ndjongo illegally purchased approximately twenty-five of the firearms from Classic Firearms in this manner online using Ndjongo's credit card and shipping the firearms to Virginia, so that JORDON could complete the transfer and pick-up the firearms on behalf of Ndjongo when the firearms arrived.

7. JORDON purchased approximately six other firearms on behalf of Ndjongo in-store from various FFLs, within the Eastern District of Virginia, using cash that Ndjongo had transferred to JORDON on Cash App to make these firearms purchases.

8. On or about June 28, 2018, shortly after JORDON picked up two firearms on behalf of Ndjongo that were shipped from Classic Firearms to Parabellum Sports, located in Alexandria, Virginia, within the Eastern District of Virginia, JORDON confessed to ATF agents that she picked the firearms up on behalf of Ndjongo. JORDON further stated that she knew Ndjongo was a resident of Maryland and that Ndjongo was twenty-years-old. JORDON further stated that Ndjongo would travel with her sometimes to pick up the firearms and, on the occasions when Ndjongo did not travel with her, she would later meet up with Ndjongo to deliver the firearms to him. JORDON explained that Ndjongo paid for the firearms online using his credit card, and shipped the firearms to Virginia prior to JORDON picking the firearms up at the gun store. JORDON showed ATF Special Agents text messages between her and Ndjongo, one of which contained an invoice sent by Ndjongo to JORDON from Classic Firearms detailing a firearms purchase he had made.

9. A preliminary analysis of text messages on JORDON's iPhone revealed multiple conversations between JORDON and Ndjongo in which they discussed the purchase and, subsequent, resale of firearms to other individuals.

10. The above-referenced rifle and pistols are "firearms" as defined in Title 18, United States Code, Section 921(a)(3). These firearms were not manufactured in the State of Virginia and, therefore, the firearms traveled in, and/or affected interstate commerce

11. The acts taken by JORDON in furtherance of the offense charged in this case, including the acts described above, were done willfully, knowingly, and with the specific intent to violate the law, and were not committed by mistake, accident or other innocent reason.

12. This statement of facts includes those facts necessary to support the plea agreement between JORDON and the United States. It does not include each and every fact known to JORDON or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding JORDON's case.

13. Pursuant to paragraph 12 of the Plea Agreement, this statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against JORDON upon a breach by her of the Plea Agreement. Moreover, JORDON waives any rights that she may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *(signature)*
Nicholas U. Murphy
Philip Alito
Assistant United States Attorneys
United States Attorney's Office

<u>Defendant's Signature</u>: After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Alexus Jordon, and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 11/8/19

Alexus Jordon
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have carefully reviewed the above statement of facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: 11-8-19

Kenneth Troccoli, Esq.
Brittany Davidson, Esq.
Counsel for Defendant